UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VENTURA SÁNCHEZ RIVAS,** ) | |
| *Plaintiff,* ) | |
| *v.* ) | CIVIL ACTION No.:_____ |
| ) | |
| **GLZ EXCAVATING, INC.,** and ) | |
| **MARGARITO BERNAL GONZÁLEZ** ) | |
| **D/B/A GLZ EXCAVATING,** *Defendants.* ) | |

# COMPLAINT

The Plaintiff, Ventura Sánchez Rivas ("Plaintiff"), on behalf of himself and all others similarly situated, brings this cause of action to recover damages for the willful conduct and continuous willful practice of not paying him, and others similarly situated, the full earned wages and overtime earned against defendant GLZ Excavating, Inc., and defendant Margarito Bernal González d/b/a GLZ Excavating (jointly referred as "Defendants"), pursuant to 29 U.S.C. §216(b) of the Fair Labor Standard Act ("FLSA").

Plaintiff hereby requests FLSA remedies for unpaid wages, unpaid overtime, lost wages, liquidated damages, front pay, attorney's fees, interest, and punitive damages, on behalf of himself and all others similarly situated.

## LEGAL CAUSES OF ACTION

1.  If an employee has worked overtime without due pay, he is entitled to bring a private action under the FLSA of 1938, Pub. L. No. 75-718, 52 Stat. 1060 for damages, codified as 29 U.S.C. §216(b).

2. The Plaintiff for himself and others similarly situated, brings this cause of action against the Defendants for the willful and/or wanton practice of not paying earned wages, and overtime earned but not paid, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§207 (a)(1), *et seq*.

3. The FLSA provides a federal cause of action for an employee claiming that his employer has failed to pay "one and one-half times the regular rate at which he is employed" for all hours beyond forty (40) worked in a workweek, 29 U.S.C. §§207(a)(2)(C), 216(b).

4. The Plaintiff was employed by the Defendants, jointly or individually, and hereby seeks compensation for his damages and for any liquidated damages allowed by law. In addition, Plaintiff seeks to produce a deterrent purpose under the FLSA, by disclosing patterns of non-compliance by employers, and deter such misconduct to other third parties who used to work for the Defendants during the last three years, and/or are presently working for the Defendants.

5. Plaintiff seeks to recover from Defendants the amount of their unpaid wages, unpaid overtime, compensatory, liquidated damages, prejudgment interest, and attorney's fees on behalf of himself and all others similarly situated working for any of the above-styled party Defendants pursuant to the FLSA, 29 U.S.C. Sections 207 (a)(1), *et seq*.

## JURISDICTION AND VENUE

**The original jurisdiction, and the supplemental jurisdiction of this Court comes under the following precepts:**

6. This Court has original jurisdiction as there is a Federal issue involving violations of the FLSA of 1938.

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1391 (b)(c).

8.      Venue is proper in this Court, the Northern District of Alabama, pursuant to 28 U.S.C. §1391(b) and (c), as the Defendants' main place of business is in Birmingham, Alabama at the time Plaintiff commenced this action. The acts and omissions in this cause took place in Birmingham, Alabama.

9.      This Court will have supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) for Alabama State law claims, if any, if such claims are "So related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

## BIOGRAPHICAL DATA

10.     Plaintiff is an adult residing in Birmingham, Alabama. He has been hired and employed by the Defendants as a laborer in the excavating business from on or about June 23, 2014 to August 31, 2018.

11.     Defendants are employers engaged in commerce pursuant to the FLSA and 29 U.S.C. §203(s), and at all times material hereto, engaged in commerce within the meaning of the FLSA. Upon information and belief, the Defendants have been doing business as Margarito Bernal González d/b/a GLZ Excavating, and as GLZ Excavating Inc., at the same location of 8 Houston Road NW, Birmingham, AL 35215-1108

12.     Upon information and belief Margarito Bernal González is the owner and manager of the Defendants' business and his residence is at 8 Houston Rd. NW, Birmingham, AL 35215.

13. Upon information and belief, Defendants' enterprises are each one jointly and/or individually engaged in interstate commerce with an annual gross revenue of not less than $500,000. Defendants and its employees handle goods moved in interstate commerce.

14. At all times relevant to this action, these Defendants jointly or individually, were/was the "employer" of the Plaintiff, and others similarly situated, as defined by §203(d) of the FLSA.

15. At all times material to this action, the Plaintiff, and all others similarly situated, are and/or have been "employees" of the Defendants as defined by §203(e)(i) of the FLSA and worked for the Defendants within the territory of the United States for more than two years preceding the filing of this law suit.

## STATEMENT OF FACTS

16. The Defendants jointly and/or individually are in the excavating business in various locations in Alabama.

17. Defendants hired Plaintiff as an excavating laborer and he has done so for the Defendants for over four years working every week of the year for a number of hours far exceeding 40 hours. Plaintiff was never paid overtime, and was never paid for a length of time, and has never received any benefits from the Defendants which other similarly situated may have received.

18. The Plaintiff and other similarly situated employees regularly worked in excess of 40 hours per week.

19. The Plaintiff and other similarly situated employees did not receive wages at the rate of time and one-half the typical hourly rate for the hours worked in excess of 40 hours in a given work week.

20. The Plaintiff was not entitled to and did not earn tips. The Plaintiff was not an exempt employee. The Plaintiff was at all time entitled to overtime.

21. Plaintiff is owed by Defendants compensation for lost wages, and his overtime hours as Defendant has willfully failed to compensate him.

22. The Defendants were well aware that the Plaintiff and similarly situated employees routinely work in excess of 40 hours per week.

23. Defendants willfully and wantonly violated the FLSA by failing to compensate overtime hours in excess of 40 hours in a given work week at a rate of one and one-half times the regular hourly rate of pay.

24. As a result of Defendants violations of the FLSA, the Plaintiff, and other similarly situated employees both past and present, have suffered damages by failing to receive compensation at least equal to the federally mandated minimum wage in accordance with §206 of the FLSA and have further suffered damages by failing to receive compensation at the rate of time and one-half per hour for hours worked in excess of 40 hours per week in accordance with §207(a) of the FLSA.

25. The Plaintiff, and other similarly situated employees have been damaged as a result of Defendants willful actions and have suffered loss of wages.

26. There are other similarly situated employees, both past and present, of these Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court supervised notice of the present lawsuit and the opportunity to join them as plaintiffs. Those similarly situated

employees are known to the Defendants and are readily identifiable and easy to locate through Defendants' records.

## CLAIM FOR OVERTIME WORKED BY PLAINTIFF

27.     In 2016 Plaintiff worked for the Defendants from January to December, from Monday to Saturday (six days per week) for a total of 71 hours per week. His straight time rate was set at $14 per hour, or $994 for forty straight weekly hours.

28.     In 2017, Plaintiff worked for the Defendants jointly or individually from January to December from Monday to Saturday (six days per week) for a total of 71 hours per week. Plaintiff's straight time rate was set at $14 per hour, or $994 for forty straight weekly hours.

29.     In 2018, Plaintiff worked for the Defendants from January to August, from Monday to Saturday (six days per week) for a total of 71 hours per week. Plaintiff straight time rate was set at $14 per hour, or $994 for forty straight weekly hours.

30.     The Plaintiff was not paid proper overtime wages for his work in excess of forty hours for each work week.

31.     Defendants refused to pay Plaintiff and continues to refuse to pay him his correct wages worked and earned for 104 weeks at a rate of $994 or straight-time, and the overtime-hours accumulated in each 71 hours per week.

32.     Furthermore, upon information and belief, Defendants have engaged in a pattern of similar conduct, luring other vulnerable minority individuals, and refusing to compensate them fully for work performed for these Defendants. Upon

information and belief Defendants employ laborers who are not aware of their legal labor rights and have worked for an excess of 40 hours per week for many years. Upon information and belief these minority individuals have never received any benefits from Defendants although some others equally situated laborers may have received.

## LEGAL CAUSES OF ACTION

**COUNT  I        OVERTIME VIOLATIONS: FAIR LABOR STANDARDS ACT, 29 U.S.C §201 *et seq.***

33. Plaintiff re-allege and incorporate by reference all preceding paragraphs.

34. Upon information and belief, Defendants, jointly and/or individually, at all relevant times owned and operated an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), codified as, 29 U.S.C. §§201 *et seq.*

35. At all times relevant to this action, Defendants, jointly and/or individually, were Plaintiff's employers within the meaning of 29 U.S.C. §203.

36. At all times relevant to this action, Plaintiff was employed by the Defendants, jointly or individually, within the meaning of 29 U.S.C. §203.

37. Defendants jointly and/or individually, willfully failed to pay Plaintiff and others similarly situated, overtime compensation for each hour they worked in excess of forty hours in a workweek in violation of the FLSA, 29 U.S.C. §207.

38. Defendants' violations of the FLSA, as described herein, were willful and intentional.

39.     The Plaintiff is entitled to recover from the Defendants, jointly and/or severally, their unpaid overtime wages, an additional amount of liquidated damages, reasonable attorney's fees, and the costs of the action, pursuant to 29 U.S.C. §216(b), in an amount to be determined at the trial of this cause.

40.     Defendants as employers, did the things hereinabove alleged intentionally, oppressively, and maliciously.  In addition, the Defendants, through and by its owner and general manager, Margarito Bernal González, is harassing Plaintiff wanting to take action should he file a FLSA action, and he has menaced to make fraudulent transfers of his companies' and personal assets to avoid legal liability under the FLSA, *inter alia*.

41.     Plaintiff is therefore entitled to punitive or exemplary damages against the Defendants in an amount determined at the trial of this case.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, individually and on behalf of other similarly situated employees respectfully request that this Court grant the following relief:

A.     That the Court issue proper process to compel Defendants to answer or otherwise plead to all the allegations contained in the Complaint.

B.     That, at the earliest possible time, the Plaintiff be allowed to give notice or that the Court issue such notice, to all similarly situated employees employed by Defendants during the two (2) years or less immediately preceding

the filing of this suit, informing that this action has been filed, the nature of the action, and of their right to join this lawsuit pursuant to 29 U.S.C. §216(b).

    C.    That this Court awards the Plaintiff and other similarly situated employees and former employees of the Defendants the amount of their unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b).

    D.    That Plaintiff be awarded reasonable attorney's fees, costs and other expenses of this lawsuit pursuant to FLSA 29 U.S.C. §216(b). Lost wages and liquidated damages equal to the lost wages;

        a.    Lost or unpaid wages;

        b.    Overtime wages;

        b.    Liquidated damages equal to all unpaid wages:

        c    Attorney's fees;

        d    Pre-judgment interest; and,

        e    Punitive damages, when applicable.

    E.    Other and further relief as this Court deems necessary and proper.

Respectfully submitted,

                              /s/ Vicenta_Bonet Smith
                              VICENTA BONET-SMITH
                              *Attorney for Plaintiff*

Of Counsel:
**BONET & SMITH, PC**
3499 Independence Drive
Birmingham, AL 35209
Telephone:  (205) 870-2222
Fax:         (205) 870-3331

# **SERVICE**

Please serve the Defendant as follows:

**MARGARITO BERNAL GONZÁLEZ, d/b/a GLZ EXCAVATING**
**8 HOUSTON ROAD, NW**
**BIRMINGHAM, AL 35215-1108**

**GLZ EXCAVATING, INC.**
**8 HOUSTON ROAD, NW**
**BIRMINGHAM, AL 35215-1108**